UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENCE RILEY,

                        Plaintiff,

-vs-                                                    Case No.  6:09-cv-646-Orl-28GJK

EPA AMY GOODBLATT, LAWSON LAMAR,
DAVID ALLEN FAULKNER, JOHN G.
WHITE, III, ROBERT D. SPODEN,
BARBARA LEIN, CHIEF NEIL MAHAN,
MICKEAL LEIN, CHRISTIAN J. LEIN, THE
WISCONSIN DEPARTMENT OF
CHILDREN, ROBERT MUELLER, III,
HEATHER LEIN, and JEFF CONNERS,

                        Defendants.
_____

# REPORT AND RECOMMENDATION

## TO THE UNTIED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | **April 13, 2009** |

**THEREON** it is **RECOMMENDED** that the Motion be **DENIED without prejudice** and the Complaint be **DISMISSED without prejudice with leave to amend**.

On April 13, 2009, Plaintiff Clarence Riley ("Plaintiff") initiated this action on behalf of

himself and his minor daughter ("A.A.R.") by filing a complaint ("Complaint") against Defendants Amy Goodblatt, David Allen Faulkner, Robert D. Spoden, Neil Mahan, Christian J. Lein, Robert Mueller, III, Lawson Lamar, John G. White, III, Barbara Lein, Mickeal Lein, The Wisconsin Department of Children, Heather Lein, and Jeff Connors (collectively, the "Defendants"). Doc. No. 1. Plaintiff's Complaint consists of twenty-nine rambling paragraphs generally alleging that the Defendants conspired to violate the civil rights of Plaintiff and A.A.R. Doc. No. 1. In the first paragraph of the Complaint, Plaintiff alleges the following:

> Defendants conspired to violate the civil right[s] of plaintiff Clarence riley a black African man and [A.A.R.] a biracial infant (8 mouths (sic) old at time of violation) did drive a motor vehicle (van) at high speed with reckless disregard and malice at plaintiff causing plaintiff to run for his life. . . .

Doc. No. 1 at 3. In the last paragraph of the Complaint, Plaintiff requests the following relief:

> I pray that the court and jury grant me the sum of ($50,000,000.00 dollars of us (sic) money for the pain and suffering I have endured from the defendants) and any other relief deem nesseroy (sic) by the court. And have the United States attorney general, the department of justice do a full federal investigation on all defendants and file criminal charges if federal and state laws have been broke or violated as well as any civil rights violations, 3rd to have David Allen Faulkner p.a. and Amy good blast p.a. disbarred from practicing law in the state of fl, 4th have a department of justice attorney general honorable Erick holder to place and officer to see the fla bar to insure the public that the fla bar is not covering up crimes against childrens (sic), and using race as a factor to hide sex crimes against black and Childrens (sic) of color 5th to remove the director of the f.b.i. Mr. Muller if the director hires people like David Allen Faulkner p.a. who have such a hatred for blacks and biracial people. And the FBI Mr. Muller hires agents of this mentality. And we have our first black president. Something stinks to high heaven, 6th remove the sheriff of Rock County from office as well as the chief of the Janesveille police department to remove from office. 7th to have department heads and supervisor fired from the rock county children and family service for failure

> to use due care, 8th any thing else deem feasible to the court, 9th
> have a grand juries from orange county to be settled and here from
> all defendants plaintiff as well. To see if any laws state or federal
> were violated and warrants any indictments. Plaintiff will request
> this from governor Charlie crist concerning the orange county
> grand juries in writing to the governor alone with a copy of law
> suit. This necesserory (sic) since it is apparent that the defendant
> state attorneys office (Lawson Lamar) has all ready pick a color.

Doc. No. 1 at 14-15. The Complaint fails to allege a basis for the Court's jurisdiction, consists of

bare legal conclusions, and contains broad factual allegations without any reference to

chronology or how each individual defendant conspired to violate Plaintiff's civil rights. *See*

Doc. No. 1. For example, the fifth and six paragraphs of the Complaint assert the following

against the Defendants:

> Defendants did conspire to violate the civil rights of plaintiff
> Clarence riley and infant [A.A.R.] willingly and knowingly with
> reckless indifferent and malice to utilize there professtion (sic),
> position, job, clout, political connections and ties, and scope of
> there (sic) duty as descried (sic) by federal and state law to
> conceal, coverup (sic), disregard, negate violation of federal and
> state laws. By means of oppress, injure, treats, intemadation (sic).

> Defendants did conspire to violate the civil rights of plaintiff
> Clarence riley and [A.A.R.] with gross negligence and malice.
> Willingly and knowingly by words and action, promoted hate,
> embrace hate, exploite (sic) racial tention (sic), encite racial hate,
> promote Jim crows and Hitlerism between plaintiff Clarence riley
> a black male and [A.A.R.] a biracial bably and defendant Christian
> j lein a white femal for financial gain and for political financial
> benefit. The defendant actions has cause emotional stress, mental
> anguish extremely extreme harm emotionly (sic), and injure to
> plaintiff Clarence riley and infant [A.A.R.] This tactic has been
> used in fla by fla lawyer for many years to produce income for the
> lawyer and the law firms (sic) and is pushed by and promoted by
> the Fla bar. The fla bar and j.q.c. judicial qualification commission
> allows setting judge throughout fla to brag, bost (sic), to family,
> coworkers, friends, political connections that they have no
> intention of ever siding with a nigger at any time regardless of the

3

> evidence for them or against them civil or criminal. This secret
> code is practice by 95% of Fla. State judges, espeicly (sic) in the
> 9th circuit and Brevard and Seminole.

Doc. No. 1 at 3-4. Moreover, throughout the Complaint, Plaintiff repeatedly provides the full name of his minor child. Doc. No. 1. Plaintiff's Complaint does not state a claim, nor does it establish that this Court has jurisdiction. Now before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 2.

## I.  THE LAW

### A.  The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
> > (A)  the allegation of poverty is untrue; or
> > (B)  the action or appeal --
> > > (i)  is frivolous or malicious;
> > > (ii) fails to state a claim on which relief
> > >     may be granted; or
> > > (iii) seeks monetary relief against a
> > >     defendant who is immune from
> > >     such relief.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### 1. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

## 2. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

### a. Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id.* Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to

Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[4] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances

---

[4] To do otherwise -- i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

        b.      <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

**B.    Federal Rule of Civil Procedure 8**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

    1)      a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    2)      a short and plain statement of the claim showing that the pleader is entitled to relief; and

    3)      a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

**C.    Administrative Procedures**

The Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the United States District Court for the Middle District of Florida requires any filing containing the name of a person known to be minor child be redacted to only include the minor child's initials for privacy protection. *Id.* at II(I)(1)(b).

## III.    APPLICATION

Plaintiff's Complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8.  Plaintiff does not establish this Court's jurisdiction to entertain the Complaint, and Plaintiff does not state any grounds for relief requested.   "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia County School Bd.*, Case No. 07-12704 2008 WL 80708, *2 (11th Cir. January 9, 2008) *(citing  Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "In fact, we have recently observed that district courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" *Id. (quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006).

Furthermore, the Complaint is frivolous.  The allegation that the Defendants, including Robert Muller, III, the current Director of the Federal Bureau of Investigation, conspired with the other Defendants, including the Florida Bar, to knowingly and willfully violate the civil rights of Plaintiff and a minor child because the "f.b.i. don't give a shit about a half nigger baby being raped or any thing else to do with blacks" is fantastic and clearly baseless.  *See Denton*, 504 U.S. at 32–33; *Battle,* 898 F.2d at 130 n. 3. Thus, the Complaint should be dismissed without prejudice with leave to amend.

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  If Plaintiff chooses to continue *pro se*, he must abide by the Local Rules for the Middle District of Florida, Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the United States

District Court for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

Accordingly, it is

**RECOMMENDED** that the Court:

(1) Dismiss the Complaint (Doc. No. 1);

(2) Deny the Motion without prejudice (Doc. No. 2); and

(3) Afford Plaintiff an opportunity to file an amended complaint **within fourteen (14) days**

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on May 4, 2009.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
**Unrepresented Parties by Certified Mail**